IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR ADRIAN MOYA VARGAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-172 |
| | § | |
| JULIE MARTIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

### I. Procedural and Factual Background

The matter before the Court in this diversity action is Defendant's Motion for Summary Judgment. [Doc. No. 14]. This lawsuit concerns the real property known as 1274 Alta Mesa Blvd, Brownsville, Texas 78526 ("Property") located in Cameron County, Texas. The Plaintiff claims to be the owner of the property after purchasing the property from a third-party in 2015. At the time this suit was filed, Plaintiff pleaded that the property had been his residential homestead since May 11, 2015. The Defendants are Bank of America, N.A. ("BOA") and Julie Martin ("Martin") in her capacity as substitute trustee.

Defendant BOA alleges that non-parties to the suit ("Borrowers") obtained a loan to purchase the Property on August 27, 2002 by virtue of a promissory note in the original amount of $61,509 secured by a Deed of Trust recorded on September 9, 2002. [Ex. A–3; Ex. A–4]. The Borrowers defaulted on their loan, and BOA sent the Borrowers a Notice of Default and Intent to Accelerate on September 15, 2015, threatening to initiate foreclosure proceedings if the borrowers did not cure their default before October 25, 2015. [Ex. A–5]. After the Borrowers defaulted on their loan, BOA sent the Borrowers a Notice of Foreclosure Sale on June 9, 2016, notifying the Borrowers that the Property would be sold at a foreclosure sale scheduled for July

1

5, 2016. [Ex. A–6]. On July 4, 2016, BOA sent the Borrowers a Notice of Recession of Acceleration of Loan Maturity rescinding the acceleration of the debt and maturity of the note. [Ex. A–7]. Thus, the foreclosure sale was cancelled and has not been subsequently held.

The Plaintiff subsequently filed this lawsuit against Defendant BOA and Defendant Martin on June 29, 2016 in Texas state court, alleging a wrongful foreclosure claim, an action to quiet title, and a request for injunctive relief. Per 28 U.S.C. § 1441, Defendant BOA removed this lawsuit from state court on diversity grounds.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex Corp.*, 477 U.S. at 321–25.

The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## III. Analysis

**1. Whether Subject Matter Jurisdiction is Proper**

Federal courts are duty-bound to examine the basis of subject matter jurisdiction. *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Jurisdiction is a threshold matter, and without jurisdiction the court cannot proceed in any cause. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). The Plaintiff has pleaded that he is a Texas resident and that the amount in controversy exceeds $75,000. Bank of America is a national banking association with its main office in North Carolina and is therefore a citizen of North Carolina. *See Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that pursuant to 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office is located). Defendant Martin is a resident of Texas.

Defendant BOA removed this matter from state court based upon diversity between it and the Plaintiff. Defendant BOA argues that Defendant Martin is improperly joined. A "district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (emphasis deleted). Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Id.* The court may conduct a 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* The court must be satisfied that there is "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The citizenship of a defendant who is improperly joined need not be considered when determining whether there is complete

diversity. *Cook v. Wells Fargo Bank, N.A.*, 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).

In the instant case, the Plaintiff makes no claims against Defendant Martin, nor does Plaintiff allege any facts that suggest that any claim is being asserted against Defendant Martin. Furthermore, under Texas law, a trustee under a deed of trust is not a necessary party in a suit to prevent a foreclosure. *See* Tex. Prop. Code § 51.007. There is no reasonable basis for predicting that Plaintiff might be able to recover against this in-state defendant. Defendant Martin is improperly joined. Finally, Plaintiff has not even responded to this argument or filed a motion to remand. In essence, Plaintiff has conceded that Defendant BOA's position on this argument is correct. Therefore, Defendant Martin's Texas citizenship need not be considered when determining whether there is complete diversity. Further, Defendant Martin is hereby dismissed from this case.

**2. Wrongful Foreclosure Claim**

Plaintiff asserts that Defendant BOA wrongfully foreclosed on his property because Defendant BOA failed to provide notice of default, intent to accelerate, or notice of foreclosure before foreclosing on the party. Under Texas law, a plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex.App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex.App.—Houston [14th Dist.] 1989, writ denied)).

In an action for wrongful foreclosure, a mortgagor may elect to recover damages equal to the difference between the value of the property at foreclosure and the remaining balance due on

the outstanding debt. *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.) (citing *Farrell v. Hunt*, 714 S.W.2d 298 (Tex.1986)). Recovery for wrongful foreclosure "is conditioned on the disturbance of the mortgagor's possession." *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.). "Where the mortgagor's possession is undisturbed, he has suffered no compensable damage." *Id.* For this reason, federal courts applying Texas law have concluded that a plaintiff may not bring a wrongful foreclosure claim if the individual never lost possession of the property. *See, e.g.*, *Smith v. J.P. Morgan Chase Bank N/A*, CIV.A. H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010).

Defendant BOA argues that there is no evidence that Plaintiff lost possession of the property. The Plaintiff's summary judgment evidence consists solely of his sworn affidavit. The Plaintiff avers that since May 11, 2015, his property continues to be his residential homestead. [Vargas Aff. 2]. Defendant BOA provides evidence that shows the Plaintiff's property was never foreclosed upon as the foreclosure sale was cancelled. [*See* Def.'s Ex. A–7]. The Plaintiff provides no competent summary judgment evidence to create an issue of material fact as to whether he lost possession of his property. Defendant BOA's Motion is therefore granted as to Plaintiff's state law wrongful foreclosure claim.

   3. **Action to Quiet Title**

A suit to quiet title is an action in which a plaintiff petitions the court to remove a cloud in the plaintiff's title created by an allegedly invalid claim. To prevail in a quiet title action, the Plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *7

(S.D. Tex. Feb. 21, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011)).

A plaintiff "must allege right, title, or ownership in [themselves] with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey, Inc.*, No. 12-10277, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.— Beaumont 2000, pet. denied)). Under Texas law, "an instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument." *Realty Portfolio v. Hamilton*, 125 F.3d 292, 299 (5th Cir. 1997) (citing Tex. Prop. Code § 13.002). Thus, a hypothetical purchaser of a property would have notice of a properly recorded deed of trust and would purchase the property subject to the deed of trust. *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987). A plaintiff must recover on the strength of his own title, not on the weakness of his adversary's. *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 715 (5th Cir. 1951).

Defendant BOA holds a lien on Plaintiff's property by virtue of a Deed of Trust assigned to Defendant BOA and recorded in the Official Public Records of Cameron County on September 9, 2009. [Ex. A–3; Ex. A–4]. The Plaintiff's avers that he purchased the property in question from the record owner free and clear of any encumbrances. [Vargas Aff. 4]. Nevertheless, the Plaintiff admits that he did not do a title search to determine the record owner of the property or to determine the existence of any encumbrance before purchasing the property. [Pl.'s Interrog. Resp. at 13–14]. Plaintiff did not obtain a title insurance policy. [*Id.*] A title search would have revealed the existing BOA encumbrance on the property. The Plaintiff does not challenge the validity of Defendant BOA's lien, or point to any recording defect. Thus, per *Celotex*, after considering the Plaintiff's summary judgment evidence, the Court rules that the

Plaintiff has not shown any dispute of material fact as to whether he may assert a title superior to that claimed by Defendant.[1]

**4. Injunctive Relief**

The Plaintiff also seeks a preliminary injunction to prevent foreclosure on the property. A party seeking a temporary injunction must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied, (3) that said injury outweighs any damage the injunction will cause the opposing party, and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir.1998). The Plaintiff has not shown that he is likely to succeed on the merits of either his wrongful foreclosure claim or his claim to quiet title. Furthermore, Defendant BOA cancelled the foreclosure sale on or about July 4, 2016. [Ex. A–7]. Accordingly, the Court grants Defendant BOA's Motion with respect to Plaintiff's request for injunctive relief.

---

[1] The Plaintiff claims that the property in question is his homestead. Plaintiff's assertion has no effect on an existing encumbrance on the property. It is a "longstanding principal" under Texas law that an encumbrance existing against property cannot be effected by the subsequent impression of the homestead exception on the land. *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987).

## IV. Conclusion

Defendant Martin was improperly joined and she is dismissed. The Plaintiff has not met his burden to show a dispute of material fact exists for his wrongful foreclosure claim and action to quiet title against Defendant BOA. Furthermore, Plaintiff has not shown that he has a substantial likelihood of succeeding on the merits of his claims to warrant injunctive relief. Per *Celotex*, the Court hereby grants Defendant BOA's Motion for Summary Judgment [Doc. No. 14] in full. Per Fed. R. Civ. P. 58(a), the Court will issue a final judgment in this case in a separate document.

Signed this 6th day of July, 2017.

Andrew S. Hanen
United States District Judge